942 So.2d 1033 (2006)
W.C. SHERMAN, as Okeechobee County Property Appraiser, Appellant,
v.
RED BAY STRONGHOLD FOUNDATION, Appellee.
No. 4D05-3240.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
*1034 Loren E. Levy of The Levy Law Firm, Tallahassee, and Gaylord A. Wood of Wood & Stuart, P.A., New Smyrna Beach, for appellant.
Harold G. Melville of Melville, Sowerby & McCarty, P.L., Fort Pierce, for appellee.
LEWIS, TERRY P., Associate Judge.
The appellant, the property appraiser for Okeechobee County, appeals a final summary judgment which held that approximately 2400 acres of land owned by appellee was entitled to an exemption from ad valorem taxes for the years 2003 and 2004. Except as to a thirty acre portion of this parcel, we find no error in the trial court's determination.
Section 196.192, Florida Statutes (2003), provides in pertinent part:
(1) All property owned by an exempt entity and used exclusively for exempt purposes shall be totally exempt from ad valorem taxation.
(2) All property owned by an exempt entity and used predominantly for exempt purposes shall be exempted from ad valorem taxation to the extent of the ratio that such predominant use bears to the nonexempt use.
An "exempt" use of property is defined as "educational, literary, scientific, religious, charitable, or governmental purposes, as defined in this chapter." § 196.012(1), Fla. Stat. (2003). "Exclusive use" is defined as "use of property solely for exempt purposes. Such purposes may include more than one class of exempt use." § 196.012(2), Fla. Stat. (2003). "Predominant use" is defined as "use of property for exempt purposes in excess of 50 percent but less than exclusive." § 196.012(3), Fla. Stat. (2003).
Section 196.196, Florida Statutes (2003), provides guidelines to determine whether property is entitled to exemption from ad valorem taxes:

*1035 (1) In the determination of whether an applicant is actually using all or a portion of its property predominantly for a charitable, religious, scientific, or literary purpose, the following criteria shall be applied:
(a) The nature and extent of the charitable, religious, scientific, or literary activity of the applicant, a comparison of such activities with all other activities of the organization, and the utilization of the property for charitable, religious, scientific, or literary activities as compared with other uses.
(b) The extent to which the property has been made available to groups who perform exempt purposes at a charge that is equal to or less than the cost of providing the facilities for their use. Such rental or service shall be considered as part of the exempt purposes of the applicant.
(2) Only those portions of property used predominantly for charitable, religious, scientific, or literary purposes shall be exempt. In no event shall an incidental use of property either qualify such property for an exemption or impair the exemption of an otherwise exempt property.
Applying these statutory provisions to the undisputed facts in the case, the trial court determined, as a matter of law, that the parcel of property was owned by an exempt entity and was used exclusively for charitable purposes, specifically, for conservation. The appellant does not contend on appeal that the appellee is not an exempt entity but suggests the trial court erred in determining that the property was used either exclusively or predominantly for exempt purposes. The appellant points to evidence in the record that: (1) the lessee of the property, the Independent Traditional Seminole Nation, had cleared approximately 30 acres on the property for purposes of providing ceremonial grounds upon which the "green corn dance" could take place[1]; (2) Appellee acknowledged that there had been some hunting on the property; (3) a primitive camping area, which existed on the property prior to purchase, was used by members of the Nation while they were there to maintain the property in its natural state; (4) some members took their children onto the property to teach them about nature.
Except for the thirty acre portion of property cleared as ceremonial grounds, the record supports the trial court's implicit determination that these were incidental uses of the property which should not affect its classification as exempt. See § 196.196(2), Fla. Stat. The clearing of the thirty acres, however, was not incidental to or consistent with leaving the property in its "natural state,"[2] and thus, the property was not used exclusively for exempt purposes. On the other hand, the record supports the conclusion that the clearing of such a relatively small portion of the property would not negatively impact the balance of the property for conservation purposes or the maintenance of a natural habitat, as opined by one of the appellee's expert witnesses.
*1036 Accordingly, the case is reversed and remanded with direction to the trial court to amend the Final Judgment to reflect the 30-acre portion of the 2400-acre parcel as nonexempt and taxable for the two tax years in question and the remaining portion of the parcel exempt and nontaxable for the two years in question.
Affirmed in part, Reversed in part and Remanded with directions.
FARMER and SHAHOOD, JJ., concur.
NOTES
[1] The first such dance did not take place, however, until June or July, 2004.
[2] The Appellee suggests that religious purposes would also qualify the property for exemption but acknowledges that there were disputed issues of fact regarding this exemption, and also acknowledges that during the relevant dates for determining tax exemption, the property had been cleared but had not yet been used for any such purported religious purpose. Moreover, the trial court's finding of an exemption in this case was based solely upon the use of the property for conservation purposes.